# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

William Linder,
        Plaintiff,                                            Case No.:

vs.

Principal Life Insurance Company,
        Defendant.

## COMPLAINT
## STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.,* specifically 29 U.S.C. § 1132(a)(1)(b).

## JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e) and 29 U.S.C. §1132(f).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), because the breach of the employee benefits contract between the parties occurred within this district.

## PARTIES AND GENERAL ALLEGATIONS

4. Plaintiff, William Linder, is a resident of Brevard County, Florida At all times relevant hereto Plaintiff, William Linder, was an "employee" of BSE Consultants, Inc. his "employer", as those terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. Defendant, Principal Life Insurance Company, is a foreign corporation and a fiduciary with respect to such claim, and does business in the Middle District of Florida.

6. At all times relevant hereto Plaintiff was a "participant" in and a "beneficiary" of a long-term disability insurance plan, as those terms are defined by 29 U.S.C. §§ 1002(7) and (8), and hisinsurance premium required for coverage under the LTD PLAN had been fully paid or otherwise satisfied.

7. The LTD PLAN is an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1), and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 1132(d)(1).

8. At all times relevant hereto Plaintiff's employer, BSE Consultants, Inc. was the "plan sponsor" as that term is defined by 29 U.S.C. § 1002(16)(B).

9. At all times relevant hereto Defendant, Principal Life Insurance Company, is the "administrator", of the LTD PLAN, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002, (16) and (21).

10. At all times relevant hereto the LTD PLAN provided for payment of long-term disability benefits in the event Plaintiff became "disabled", as defined in the LTD PLAN.

11. At all times relevant hereto, Plaintiff was "disabled" as that term is defined in the LTD PLAN and this claim relates to benefits under the foregoing plan.

12. Plaintiff has filed or caused to be filed proofs of claim and performed all other conditions precedent to recovering benefits under the LTD PLAN for the loss or losses herein claimed.

13. Plaintiff has exhausted his administrative remedies.

## FACTS

14. Plaintiff realleges and reaffirms paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15. At all times material to this action there was in full force and effect an insurance plan for long-term disability benefits constituting a binding contract of insurance between the parties.

16. The purpose of the plan was to pay to Plaintiff, William Linder, a specified monthly sum in the event that he became disabled. "Disability" and "Disabled" is defined in the policy to mean:

> "During the first 12 months of the Disability, a Member will be considered Disabled if, solely and directly because of sickness, injury, or pregnancy, one of the following applies:
>
> a. The Member cannot perform the Substantial and Material Duties of his or her Own Job; or
>
> b. The Member is performing the duties of his or her Own Job on a Modified Basis or any job and is unable to earn more than 80% of his or her Predisability Earnings.
>
> After the first 12 months of the disability, a Member will be considered Disabled during the Elimination Period and the Own Occupation Period, if, solely and directly because of sickness, injury, or pregnancy, one of the following applies:
>
> a. The Member cannot perform the Substantial and Material Duties of his or her Own Occupation; or
>
> b. The Member is performing the duties of his or her Own Occupation on a Modified Basis or any occupation and is unable to earn more than 80% of his or her Indexed Pre-disability Earnings.
>
> After completing the Elimination Period and the Own Occupation Period, one of the following applies:

a. The Member cannot perform the Substantial and Material Duties of any Gainful Occupation for which he or she is or may reasonably become qualified based on education, training, or experience.

b. The Member is performing the Substantial and Material Duties of his or her Own Occupation or any Gainful Occupation on a Modified basis and is unable to earn more than 80% of his or her indexed Pre-disability Earnings."

17. Plaintiff was an eligible plan participant of the long-term disability plan at all times material to this action

18. Plaintiff became disabled and stopped working on August 3, 2020 due to chest pain, shortness of breath, nausea, diaphoresis and cognitive difficulties. The Plaintiff was paid long term disability benefits from November 9, 2020 to April 19, 2021. The claim for Long-term disability benefits was denied on August 10, 2022.

19. During this time period, Plaintiff's disability was fully supported by his treating physicians.

20. Since April 20, 2021, the Plaintiff has continued to meet the definition of disability as defined by the Policy and continues to be disabled from not only his occupation but any occupation. he has not worked in any occupation for which he is or may reasonably become qualified for based on his education, training, and experience.

21. By the terms of the Defendant's Policy, the Plaintiff applied for Social Security Disability benefits.

22. Plaintiff has entered into a Contract of Representation and has agreed to pay the undersigned an attorney's fee for representation.

## COUNT ONE

### Action to Recover Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

23. Plaintiff realleges and reaffirms paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

24. Defendant has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD PLAN since April 20, 2021 and continuing.

25. Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an Order granting relief from Defendant for benefits due under the LTD PLAN through specific performance of the contract between the parties, together with interest, costs of litigation and attorney's fees.

## COUNT TWO

### Action to Clarify Right to Receive Plan Benefits
### Pursuant to 29 U.S.C. § 1132(a)(1)(B)

26. Plaintiff realleges and reavers paragraphs 1 through 22 of the Complaint, incorporating them by reference herein as if specifically restated.

27. Plaintiff is entitled to benefits under the LTD PLAN.

28. Defendant has denied that Plaintiff is entitled to benefits under the LTD PLAN from April 20, 2021, and continuing.

29. Plaintiff is entitled to clarification of his right to reinstatement under the LTD PLAN.

30. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order declaring his right to benefits from April 20, 2021, and continuing under the LTD PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B), and award his attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

Dated this 23rd day of May, 2024

Respectfully Submitted,

*/s/ Nancy L. Cavey*
NANCY L. CAVEY, ESQUIRE
Florida Bar No.: 300934
LAW OFFICES OF NANCY L. CAVEY
1700 66th Street N. Suite 504
St. Petersburg, Florida 33710
(727) 894-3188 – Phone
(727) 821-2751 – Fax
ncavey@caveylaw.com
Attorney for Plaintiff